H. HITCHCOCK & another *vs.* GILBERT LANCTO & trustees.

Hampden.　Sept. 23. — Oct. 25, 1879.　ENDICOTT & LORD, JJ., absent.

If A. contracts to paint a house for B. and fails to pay his workmen employed in doing the work, so that a lien on the premises is created in favor of the workmen, and B. pays A. the balance of the contract price of the work due after retaining the amount necessary to satisfy the lien, B. is not chargeable as trustee of A. on a writ served after such payment and while the lien still exists.

TRUSTEE PROCESS.　S. A. Bemis and others, summoned as trustees, answered that, prior to service upon them, they had contracted with the principal defendant to paint a house for them; that the defendant painted the house, and in so doing employed a number of men to assist him; that the trustees paid the defendant money on account of the contract, but not to an amount equal to the contract price, and would have been indebted to

him at the time of said service but for the fact that he failed to pay the men employed by him for the labor they performed, to secure which pay they had a lien on said premises; that this lien has never been dissolved, and still exists on the premises; that a petition to enforce the lien has been brought by the laborers in a court having jurisdiction of the matter, and the trustees have been cited in to show cause why an order for the sale of their property, to satisfy the lien and the costs of enforcing it, should not be issued; that the lien is good and valid, and must be paid by them, or their property will be sold; that the amount due on the lien, with the costs that have accrued in enforcing it and the money paid the defendant, equals the amount of money which would have been due the defendant had the lien not been claimed; and that, therefore, the trustees had not, at the time of service upon them, any goods, effects or credits of the defendant in their hands.

In the Superior Court, the defendant was defaulted, and the trustees discharged. The plaintiffs appealed to this court.

*W. G. White*, for the plaintiffs.

*C. L. Long*, for the trustees.

SOULE, J. It appears from the answer of the trustees that the principal defendant so managed, in the performance of his contract to paint the trustees' house, that through his fault incumbrances existed on the land where the house stood, in favor of workmen employed by the defendant in doing the work. These incumbrances the defendant failed to remove, and they existed when the writ was served on the trustees. The proceedings by the workmen to enforce their liens did not create the liens, nor change the state of affairs between the defendant and the trustees. As the trustees had paid the defendant, before the writ was served, the whole contract price of the work done, less the amount necessary to remove the incumbrances on their land thus created, there were no funds in their hands which they ought in equity or good conscience to be required to pay to the defendant, and, therefore, none which can be held by foreign attachment. *Judgment affirmed.*